UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBRA A. SATCHEL,,

    Plaintiff,

v.                        Case No.  8:05-cv-2239-T-24 TBM

SCHOOL BOARD OF HILLSBOROUGH
COUNTY,

    Defendant.
_____/

**ORDER**

This cause comes before the Court on Plaintiff's Motion for Reconsideration.  (Doc. No. 60).  In this motion, Plaintiff asks the Court to reconsider its Order granting in part Defendant's motion to dismiss.  (Doc. No. 51).

There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice.  Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994)(citations omitted).  The Court notes that reconsideration of a previous order is an extraordinary remedy to be employed sparingly.  See id. (citations omitted).  Plaintiff argues that her motion is based on the need to correct clear error or to prevent manifest injustice.

Upon review of Plaintiff's motion, the Court finds that it should be denied, as Plaintiff has not shown that there is a need to correct clear error or to prevent manifest injustice. Instead, Plaintiff is merely attempting to refute the basis for the Court's earlier decision.  See Lamar Advertising of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 490 (M.D. Fla. 1999);

see also Johnson v. U.S., 1999 WL 691871, at *1 (N.D. Ga. July 14, 1999)(stating that "it is not appropriate to raise new arguments in a motion for reconsideration that could have been raised when the matter was initially before the court").  As such, the Court finds that reconsideration is not warranted.

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion for Reconsideration (Doc. No. 60) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 3rd day of October, 2006.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Plaintiff